IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CV-122-M

| | | |
|---|---|---|
| KATRINA LOCKLEAR, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr. [DE-5.] In the M&R, Magistrate Judge Jones granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 [DE-4], but noted that "an order of deficiency was entered in this case on June 29, 2020, [DE-3]," that "Plaintiff has not fully complied" with the deficiency order, and that, therefore, dismissal for failure to prosecute and failure to comply with a court order was warranted [DE-5]. Plaintiff has filed no objections to the M&R, and the time for doing so has expired.

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see* 28 U.S.C. 636(b). Absent timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (citation and quotation omitted).

Plaintiff has filed no objections, and the Court has reviewed the M&R and the record and is satisfied there is no clear error on the face of the record. Plaintiff's application to proceed *in forma pauperis* [DE-4] is, therefore, granted.

However, as Magistrate Judge Jones noted, Plaintiff has not complied with the deficiency order entered June 29, 2020. [DE-5; DE-3.] The deficiency order specified that, because the defendant is a government agency or employee, summonses are required for the agency or employee, the U.S. Attorney General, and the U.S. Attorney Civil Process Clerk, and that Plaintiff had failed to provide such summonses. [DE-3.] The deficiency order directed Plaintiff to correct the deficiency within fourteen (14) days or risk dismissal of the action for failure to prosecute. [DE-3.] In the M&R, docketed July 15, 2020, Magistrate Judge Jones again noted that Plaintiff had not provided the requisite summonses and directed Plaintiff to file them within fourteen (14) days or risk dismissal of the action for failure to prosecute and failure to comply with a court order. [DE-5.] Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute. Despite the repeated warnings, Plaintiff has failed to correct the noted deficiency and provide the requisite summonses, and accordingly, the Court will dismiss this matter.

For the foregoing reasons, the Court ADOPTS the M&R of Magistrate Judge Jones [DE-5], the Court GRANTS Plaintiff's application for *in forma pauperis* [DE-4], and this matter is DISMISSED WITHOUT PREJUDICE for failure to prosecute. The Clerk is directed to close the case.

So ORDERED, this the 6th day of August, 2020.

*Richard E Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE